UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1005 SVW(JC) | Date | April 6, 2015 |
|---|---|---|---|
| Title | Tremaine Deon Carroll v. State of California | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:**   (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED**

On January 20, 2015, petitioner signed a document entitled "Petition for Resentencing Under Prop. 47, 'Vargas,' Prop. 36 . . . " which was formally filed on February 2, 2015 as a Petition for Writ of Habeas Corpus by a Person in State Custody in the instant action. On February 12, 2015, petitioner signed a similar document which was formally filed on February 20, 2015 as a Supplement to the Petition. Such filings shall collectively be referred to as the "Petition." Based on its contents, the Court construes the Petition to challenge the State's refusal to resentence him based on (1) Proposition 36;[1] (2) Proposition 47;[2] (3) People v. Vargas, 59 Cal. 4th 635 (2014);[3] and (4) People v. Chiu, 59 Cal. 4th 155 (2014).[4] The Petition is deficient in multiple respects.

---

[1] Proposition 36, also known as the Three Strikes Reform Act of 2012, which was enacted on November 6, 2012, and became effective the following day, modified California's Three Strikes Law, codified at California Penal Code sections 667 and 1710.12, as it applies to certain third-strike indeterminate sentences. See Cal. Penal Code § 1170.126.

[2] Proposition 47, also known as the Safe Neighborhoods and Schools Act, which was enacted on November 4, 2014, and became effective the following day, created a new resentencing provision, California Penal Code section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing. See Cal. Penal Code § 1170.18.

[3] In People v. Vargas, the California Supreme Court essentially held that two prior convictions arising out of a single act committed at the same time, against a single victim cannot constitute two strikes under California's Three Strikes Law. 59 Cal. 4th at 637.

[4] In People v. Chiu, the California Supreme Court held that an aider and abetter may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine. 59 Cal. 4th at 166-67. As petitioner is apparently in custody based on a grand theft conviction – not a murder conviction – it is not clear how People v. Chiu aids his cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1005 SVW(JC) | Date | April 6, 2015 |
|---|---|---|---|
| Title | Tremaine Deon Carroll v. State of California | | |

First, the Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") or the form currently approved by the Central District of California for habeas petitions. See Local Rule 83-16; Rule 2(d) of the Habeas Rules. It is important to utilize the approved form, because, among other reasons, the approved form calls for specific information regarding whether individual claims have been presented to and resolved by the California Supreme, i.e., whether they have been exhausted, as discussed further below.

Second, the Petition is not signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242, as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 83-16.2.

Third, pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, none of petitioner's claims are framed as federal constitutional claims and instead, appear to challenge state law sentencing determinations which are not cognizable on federal habeas review.

Fourth, the Petition improperly names the State of California as a Respondent. See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent). An appropriate respondent is petitioner's immediate custodian (i.e., the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules and the Advisory Committee Notes thereto. The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Fifth, pursuant to 28 U.S.C. § 2254(b)(1) and governing case law, habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997); Keating v. Hood, 922 F. Supp. 1482, 1490 (C.D. Cal. 1996), app. dismissed on other grounds, 133 F.3d 1240 (9th Cir. 1998). In this case, the Petition does not reflect whether any of his claims have been presented to and resolved by the California Supreme Court. If none of petitioner's claims have been presented to and resolved by the California Supreme Court, dismissal of the Petition as wholly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-1005 SVW(JC) | Date | April 6, 2015 |
| Title | Tremaine Deon Carroll v. State of California | | |

unexhausted would be appropriate.[5]  To the extent the Petition contains both exhausted and unexhausted claims and is therefore "mixed," it is likewise subject to dismissal unless petitioner dismisses any unexhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (1982); Jefferson v. Budge, 419 F.3d 1013, 1015-17 (9th Cir. 2005).[6]

In light of the foregoing, petitioner is ordered by not later than **April 20, 2015** to show cause why the Petition should not be dismissed based upon the above-referenced deficiencies.  Petitioner's filing of a first amended petition for writ of habeas corpus which cures such deficiencies by such date will be a sufficient response to this Order to Show Cause.[7]  The Clerk is directed to provide petitioner with a blank current Central District habeas petition form for petitioner's use in the event he chooses to file a first amended petition.  Alternatively, in the event petitioner elects not to proceed with this action, he may expedite matters by signing and returning the attached Notice of Dismissal.[8]

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the Petition based upon the above-referenced deficiencies and/or the dismissal of this action based on petitioner's violation of this Order to Show Cause and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.

Attachments

Initials of Deputy Clerk: hr

---

[5]Although such dismissal would be without prejudice, the dismissal of the present proceeding (even dismissal without prejudice) might contribute toward a statute of limitations bar against a federal petition subsequently filed by petitioner.  Although 28 U.S.C. § 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim," the statute of limitations probably has not and would not be tolled during the pendency of the present federal proceedings.  See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

[6]In the event that the Petition is "mixed" and petitioner elects to dismiss the unexhausted claims, he risks forfeiting consideration of the unexhausted claims in federal court, even if he subsequently does exhaust such claims by presenting them to and obtaining a resolution from the California Supreme Court.  See Rose, 455 U.S. at 520-21.

[7]Any first amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, without cross-reference to the original Petition.

[8]See supra note 5.