UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREMAINE DEON CARROLL, | ) | Case No. CV 15-1005 SVW(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

On January 20, 2015, petitioner signed a document entitled "Petition for Resentencing Under Prop. 47, 'Vargas,' Prop. 36 . . ." which was formally filed on February 2, 2015 as a Petition for Writ of Habeas Corpus by a Person in State Custody in the instant action. On February 12, 2015, petitioner signed a similar document which was formally filed on February 20, 2015 as a Supplement to the Petition. Such filings shall collectively be referred to as the "Petition." Based on its contents, the Court construes the Petition to challenge the State's refusal to

///
///
///

resentence him based on (1) Proposition 36;[1] (2) Proposition 47;[2] (3) People v. Vargas, 59 Cal. 4th 635 (2014);[3] and (4) People v. Chiu, 59 Cal. 4th 155 (2014).[4]

As the Petition was deficient in multiple respects, the assigned Magistrate Judge issued an order advising petitioner of such deficiencies, ordering him to show cause by not later than April 20, 2015, why the Petition should not be dismissed based thereon, and affording him an opportunity to file a first amended petition for writ of habeas corpus curing such deficiencies by the foregoing deadline ("Order to Show Cause").[5]  The Order to Show Cause expressly cautioned petitioner that the failure timely to respond thereto may result in the dismissal of the Petition based upon the deficiencies identified therein, and/or the dismissal of this action based upon petitioner's failure to prosecute and/or petitioner's failure to comply with the Order to Show Cause.

///

---

[1] Proposition 36, also known as the Three Strikes Reform Act of 2012, which was enacted on November 6, 2012, and became effective the following day, modified California's Three Strikes Law, codified at California Penal Code sections 667 and 1710.12, as it applies to certain third-strike indeterminate sentences.  See Cal. Penal Code § 1170.126.

[2] Proposition 47, also known as the Safe Neighborhoods and Schools Act, which was enacted on November 4, 2014, and became effective the following day, created a new resentencing provision, California Penal Code section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing.  See Cal. Penal Code § 1170.18.

[3] In People v. Vargas, the California Supreme Court essentially held that two prior convictions arising out of a single act committed at the same time, against a single victim cannot constitute two strikes under California's Three Strikes Law.  59 Cal. 4th at 637.

[4] In People v. Chiu, the California Supreme Court held that an aider and abetter may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine.  59 Cal. 4th at 166-67.  As petitioner is apparently in custody based on a grand theft conviction – not a murder conviction – it is not clear how People v. Chiu aids his cause.

[5] More specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that the Petition, among other things:  (i) had not been submitted on a proper form; (ii) was not signed under penalty of perjury/verified; (iii) appeared to raise only non-cognizable state law claims; and (iv) failed to name a proper respondent.

Although the deadline to respond to the Order to Show Cause has now expired, petitioner has not responded thereto. Nor has petitioner filed a first amended petition for writ of habeas corpus, or otherwise communicated with the Court since before the issuance of the Order to Show Cause.

It is well-established that district courts have authority to dismiss an action because of the failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

In light of petitioner's failure to comply with or to respond to the Order to Show Cause, his failure to cure the deficiencies in the Petition after having been given an opportunity to do so, and his corresponding failure to prosecute, and after weighing each of the above-referenced factors, this Court concludes that dismissal of the Petition and this action without prejudice is appropriate.

IT IS SO ORDERED.

DATED: July 13, 2015

_____

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE